Nellie Downer, Respondent, *v.* Metropolitan Street Railway Company, Appellant.

*Proof not within the scope of the pleading — if admitted without objection, an objection to further like proof is too late — excessive verdict.*

Where the complaint in an action to recover damages for personal injuries alleges that the plaintiff sustained " A fracture of the right fibula (smaller bone of the leg) at its lower third; a badly sprained ankle, with ecchymosis (discoloration) extending from the toes to within two inches of the knee, and great swelling of the foot and ankle," and the plaintiff's witnesses are permitted to testify without objection to a thickening of the bones around the ankle and immo-

· bility of the ankle joint, an objection to further evidence of that character.
upon the ground that it is incompetent under the pleadings, is made too late.
Where it appeared that the plaintiff was a carpet sewer, whose pay averaged
about $8 a week; that she earned nothing for a period of seven months after
the accident, and incurred expenses connected therewith amounting to about
$185, and that the injury to her ankle was permanent, the Appellate Division
considered that a verdict for $7,000 was excessive and reduced it to $5,000.

APPEAL by the defendant, the Metropolitan Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of May, 1900, upon the verdict of a jury for $7,000, and also from an order entered in said clerk's office on the 22d day of May, 1900, denying the defendant's motion for a new trial made upon the minutes.

*Charles F. Brown*, for the appellant.

*Franklin Pierce*, for the respondent.

INGRAHAM, J.:

Two questions are presented by the appellant upon this appeal. The first arises from an exception to the admission of evidence of a physician as to the injuries sustained by the plaintiff as the result of the accident. The plaintiff was injured when attempting to alight from one of the street railroad cars of the defendant, the complaint alleging that the plaintiff was severely injured and bruised about different parts of her body, and particularly as follows : " A fracture of the right fibula (smaller bone of the leg) at its lower third ; a badly sprained ankle, with ecchymosis (discoloration) extending from the toes to within two inches of the knee, and great swelling of the foot and ankle."

The plaintiff called as a witness Dr. McDougall, who was her attending physician. He testified without objection that the condition of the defendant at the time of the trial was " deformity of the right ankle with a great deal of thickening of the lower end of the tibia, the larger bone of the leg, especially in the frontal aspect ; " that he found ankylosis, " that is, the immobility of the ankle joint," inability to move the foot backward and forward ; that that this condition was permanent. This testimony was taken with-

out objection by the defendant, and the attention of the court was not called to the pleadings. The witness was cross-examined upon this subject by the defendant's counsel. The plaintiff also called a Dr. Lyons, who testified without objection that he found a considerable deformity at the ankle joint, thickening of the bone around the joint and a hardness there, showing that the deformity was due to an increased growth of the bone. He also found the foot slightly everted when the muscles were not called into action. He found atrophy, or a shrinking and withering of the muscles of the calf of the leg on the right side, immobility of the ankle joint — ankylosis ; that the bones were bound together so that the joint could not be moved at all ; that the bones constituting the ankle joint were bound together by ligaments, and the witness was then asked : " Has a formation been created between that and the bottom of the tibia or fibula, so that she cannot move the ankle joint ? " That was objected to by the defendant as leading, irrelevant and incompetent, and the court's attention was for the first time called to the allegations of the complaint in regard to the character, extent and nature of the injuries. This was the first objection taken by counsel for the defendant to any of the testimony upon the ground that the allegations of the complaint were not sufficient to allow the proof of plaintiff's condition, and we think the objection came too late. The facts showing the condition of the ankle had been proved without objection, and no motion was made to strike out the testimony as not within the allegations of the complaint.

The other objection taken by the defendant is that the verdict is excessive. The plaintiff was employed as a carpet sewer, her pay averaging about $8 per week. She earned nothing from the time of the accident, March 2, 1898, until October second of the same year. She paid $35 for medicines and other expenses incident to the accident, excluding the doctor's bill, which amounted to $150, and there was evidence tending to show that the injury to her ankle was permanent. The jury found a verdict for the plaintiff for $7,000, and this, we think, under the circumstances, was excessive. A consideration of the testimony has satisfied us that the verdict should not be allowed to stand for more than $5,000, and the judgment must be reversed and a new trial ordered, unless the plaintiff stipulates to reduce the verdict to that amount. If such stipulation

is given the judgment as modified is affirmed, without costs of this appeal.

VAN BRUNT, P. J., RUMSEY, McLAUGHLIN and HATCH, JJ., concurred.

Judgment reversed and new trial ordered, unless plaintiff stipulate to reduce judgment to $5,142.90; in which case judgment as so modified affirmed, without costs.